UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE RICHARDSON ] | |
|     Plaintiff, ] | |
| ] | No.  3:14-cv-1054 |
| v. ] | (No. 3:14-mc-0648) |
| ] | Judge Campbell |
| CORRECTIONS CORPORATION OF ] | |
| AMERICA, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America, the company under contract to operate the Detention Facility; Officer Jackson, a MDCDF guard; Dr. Bridges, a physician at MDCDF; and (f/n/u) Hendricks, a nurse at the prison; seeking injunctive relief and damages.

On March 4, 2014, the plaintiff slipped and fell on some ice while on a work assignment. He stood up and continued his assigned task of spreading salt on the ice. Officer Jackson noticed that the plaintiff was in "extreme" pain. He sent the plaintiff to the infirmary for medical assistance.

Once the plaintiff arrived at the infirmary, he was given Tylenol for the pain. Apparently, the pain has continued and the plaintiff does not believe that he received adequate medical care.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff acknowledges that he was given medication for his discomfort. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to

prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge